Filed 6/30/23  P. v. Cole CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B322542 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA055457 |
| v. | |
| TOMMIE LEE COLE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed.

Ava Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2014, appellant Tommie Lee Cole was convicted of two counts of second degree murder (Pen. Code, § 187, subd. (a))[1] for causing a fatal collision while driving under the influence of alcohol.  The court sentenced appellant to a prison term of 30 years to life.  A different panel of this court affirmed appellant's convictions in *People v. Cole* (Jan. 7, 2016, B254915) [nonpub. opn.].

In 2021, appellant filed a petition for resentencing pursuant to section 1172.6 (former section 1170.95).[2]  Following a response by the People and a hearing, the court found that appellant failed to establish a prima facie right to relief under section 1172.6 and denied appellant's petition.

On appeal, appellant's appointed counsel filed a brief raising no issues and requesting that this court independently review the record for arguable issues pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Appellant filed a supplemental brief.  We have considered appellant's brief and find no error in the superior court's order denying resentencing.  We therefore affirm.

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

[2]  Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  We hereafter refer to the statute as section 1172.6.

## FACTUAL AND PROCEDURAL BACKGROUND[3]

Around 2:25 in the morning on February 26, 2012, appellant's car collided with another car in an intersection. The other car flipped over, killing the two young men inside. Appellant told a witness at the scene that he thought he was intoxicated and that he thought his driver's license was suspended. Appellant was transported to the hospital, where he told deputies from the Los Angeles County Sheriff's Department that he "was doing 60 in a 40–mile–an–hour zone" and that he was "trying to beat the yellow" light at the intersection.

Based on testing at the hospital, appellant had a blood alcohol content between 0.21 and 0.23 percent at the time of the accident, more than two and one half times the legal limit of 0.08. Investigators from the Sheriff's Department concluded that the contributing factors to the accident were that appellant was intoxicated and that he had run the red light in the intersection.

Appellant previously had been arrested for driving under the influence in April 2009. Appellant's driver's license was suspended and he was required to complete a three-month alcohol program. When he applied to reinstate his driver's license, the form contained a warning that "it is extremely dangerous to human life to drive while under the influence of alcohol," and that if appellant drove while intoxicated "and as a result, a person is killed, [he could be] charged with murder." Appellant signed the form, certifying under penalty of perjury that he had read and understood its contents. Additionally, the

---

[3] On our own motion, we take judicial notice of our prior opinion in this matter, *People v. Cole* (Jan. 7, 2016, B254915) [nonpub. opn.]. The procedural and factual background set forth here is drawn from this opinion.

morning after the collision in February 2012, appellant told a sheriff's deputy that he "most definitely" understood the dangers of drinking and driving and the potential consequences of injuring or killing someone.

In February 2014, a jury found appellant guilty of two counts of second degree murder (§ 187, subd. (a), counts 1 and 3), two counts of gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a), counts 2 and 4), one count of driving under the influence (DUI) causing injury (Veh. Code § 23153, subd. (a), count 5), and one count of driving with a blood alcohol content of 0.08 percent (Veh. Code § 23153, subd. (b), count 6). The jury also found true the special allegations that in the commission of counts five and six, appellant caused great bodily injury or death (§ 12022.7, subd. (a) and Veh. Code § 23558) and had a blood alcohol content of 0.15 percent or more (Veh. Code § 23578).

The court sentenced appellant to a total term of 30 years to life, consisting of 15 years to life for each murder count, to run consecutively. The court stayed the sentences on all other counts pursuant to section 654.

Appellant appealed, arguing that the jury lacked sufficient evidence to find he had the implied malice necessary to support a conviction for second degree murder. A different panel of this court affirmed, finding that substantial evidence supported the jury's finding of implied malice under *People v. Watson* (1981) 30 Cal.3d 290 (*Watson*).

In August 2021, appellant filed a petition for resentencing under section 1172.6. Appellant asserted that he had been convicted of murder under the felony murder rule or natural and probable consequences doctrine and could not now be convicted of

4

first or second degree murder because of changes made to sections 188 and 189.

The trial court appointed counsel for appellant. The People filed a response to the petition, arguing that appellant was ineligible for relief as a matter of law because he was convicted of "second-degree implied malice Watson (DUI) murder." The court allowed appellant 30 days to submit a response, but appellant elected not to file anything further.

The court held a hearing on June 30, 2022 regarding whether the court should issue an order to show cause. Both parties submitted on the pleadings. The court denied the petition, finding that appellant failed to establish a prima facie case that he was entitled to relief. Citing to the record of conviction, including the jury instructions, the evidence presented at trial, and the prior appellate opinion, the court found that "it is very clear that Mr. Cole's conviction in this matter was for a Watson murder. It was not based on natural and probable consequences. It wasn't based on a felony murder theory." Accordingly, the court denied the petition, concluding that appellant was ineligible for relief as a matter of law. Appellant timely appealed.

On appeal, appellant's appointed counsel filed a brief requesting that we independently review the record for error pursuant to *Delgadillo, supra*, 14 Cal.5th at pp. 231-232. In *Delgadillo*, our Supreme Court held that when appointed counsel finds no arguable issues in an appeal from the denial of a section 1172.6 petition, "(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant,

informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id*. at pp. 231-232.) We retain discretion to independently review the record in any section 1172.6 appeal. (*Id*. at p. 232.)

We directed counsel to send the record and a copy of the brief to appellant. We also notified appellant of his right to respond within 30 days and that his appeal could be dismissed if he failed to respond. Appellant filed a supplemental letter brief.

## DISCUSSION

Under *Delgadillo*, if an appellant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) Here, appellant's supplemental brief raises no issues related to the denial of his petition for resentencing.

Appellant has failed to establish any error in the denial of his petition for resentencing. *Watson* held that a person who, knowing the hazards of driving under the influence, drives a vehicle while intoxicated and proximately causes the death of another, may be convicted of second degree murder under an implied malice theory. (*Watson, supra*, 30 Cal.3d at pp. 300–301.) A finding of implied malice in a *Watson* murder case, unlike a finding of gross negligence, "depends upon a determination that the defendant actually appreciated the risk involved, i.e., a subjective standard." (*Id*. at pp. 296–297.) As such, a conviction for second degree murder based on implied malice under *Watson* does not qualify for resentencing under section 1172.6. (See *Delgadillo, supra*, 14 Cal.5th at p. 233 [finding that the defendant was ineligible for resentencing, where

6

he was convicted of second degree implied malice murder for causing a collision while intoxicated, because "the record here makes clear that Delgadillo was the actual killer and the only participant in the killing"]; *People v. Roldan* (2020) 56 Cal.App.5th 997, 1004 [second degree implied malice murder under *Watson* is distinct from the natural and probable consequences doctrine and survives under section 1172.6], petition for review dismissed, overruled on other grounds by *People v. Lewis* (2021) 11 Cal.5th 952.)

Here, the record of conviction unequivocally establishes that appellant was charged and convicted as the sole perpetrator based on an implied malice theory of second degree murder pursuant to *Watson*.  As such, the trial court correctly found that appellant was ineligible for section 1172.6 relief as a matter of law.

## DISPOSITION

The judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

COLLINS, ACTING P.J.

We concur:

MORI, J.                                ZUKIN, J*

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7